UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LEE TAYLOR,<br><br>    Plaintiff,<br><br>    v.<br><br>S. HAMMOUDEH, et al.,<br><br>    Defendants. | Case No. 21-cv-01159-YGR (PR)<br><br>**ORDER DENYING SECOND REQUEST FOR APPOINTMENT OF COUNSEL** |

    On May 6, 2021, the Court denied Plaintiff's first motion for appointment of counsel. Dkt. 31. Before the Court is Plaintiff's second request for appointment of counsel. Dkt. 33.

    There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in section 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under section 1915. *See id.*

    The Court is still unable to assess at this time whether exceptional circumstances exist which would warrant seeking volunteer counsel to accept a pro bono appointment. It is premature for the Court to determine Plaintiff's likelihood of success on the merits. Accordingly, Plaintiff's second request for appointment of counsel is DENIED. Dkt. 33. This does not mean, however,

that the Court will not consider appointment of counsel at a later juncture in the proceedings, that is, after Defendants have been served and have filed their dispositive motion and the Court has a better understanding of the procedural and substantive matters at issue.  If the Court decides that appointment of counsel is warranted at that time, then it can seek volunteer counsel to agree to represent Plaintiff *pro bono*.

This Order terminates Docket No. 33.

IT IS SO ORDERED.

Dated: October 1, 2021

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge

2