UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNETH LEE TAYLOR,

    Plaintiff,

    v.

S. HAMMOUDEH, et al.,

    Defendants.

Case No. 21-cv-01159-YGR (PR)

**ORDER TO SHOW CAUSE; AND SECOND ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## I. INTRODUCTION

This action was transferred to this district from the United States District Court for the Eastern District of California. *See* Dkts. 22, 24, 26. Plaintiff, a state prisoner who is currently incarcerated at the California Health Care Facility ("CHCF"), had filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. He then filed an amended complaint, which is the operative complaint in this action. Dkt. 21. He has been granted leave to proceed *in forma pauperis*. Dkts. 7.

In his amended complaint against over thirty named defendants, most of whom are prison officials at San Quentin State Prison ("SQSP"), plaintiff is challenging (1) his 2009 validation as a member of a security threat group ("STG") and (2) the 2019 denial of his participation in a prison program at CHCF (due to being a validated STG member) by four defendants from CHCF.[1] *See* Dkt. 21. He seeks injunctive relief and monetary damages. *Id.* at 29.

In an Order and Findings and Recommendations dated September 1, 2020, Magistrate Judge Deborah Barnes from the Eastern District, recommended to dismiss without leave to amend all claims relating to the 2019 denial of his participation in a prison program at CHCF. Dkt. 22 at 3-4. In an Order dated October 21, 2020, Judge Troy L. Nunley from the Eastern District adopted Magistrate Judge Barnes's recommendation. Dkt. 24 at 2. Thus, all claims against defendants

---

[1] The CHCF defendants are (1) Correctional Sergeant S. Hammoudeh; (2) Correctional Captain Michael Romero; (3) Warden Laura Eldridge; and (4) Third Level Appeals Examiner H. Liu. *See* Dkt. 21 at 1-2.

Hammoudeh, Romero, Eldridge and Liu have been dismissed. *See id.* The Clerk of the Court is directed to terminate all claims against defendants Hammoudeh, Romero, Eldridge and Liu as of October 21, 2020.

Also in the September 1, 2020 Order, Magistrate Judge Barnes recommended to transfer all remaining claims to this district. Dkt. 22 at 4-5. On October 21, 2020, District Judge Nunley adopted this recommendation, *see* Dkt. 24 at 2, and the action was transferred to this district, *see* Dkt. 26.

Venue is proper because the events giving rise to plaintiff's remaining claims are alleged to have occurred at SQSP, which are located in this judicial district. *See* 28 U.S.C. § 1391(b).

The Court now reviews Claims 1 to 4 against the remaining named defendants (hereinafter "defendants") in plaintiff's amended complaint pursuant to 28 U.S.C. § 1915. For the reasons set forth below, (1) the Court directs plaintiff to show cause why the case should not be dismissed for being filed beyond the statute of limitations; and (2) if plaintiff can establish that the claims are timely, the Court also DISMISSES the complaint with leave to amend to correct certain deficiencies addressed below.

**II.     DISCUSSION**

   **A.     Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or

1  omits to perform an act which he is legally required to do, that causes the deprivation of which the
2  plaintiff complains. *Leer*, 844 F.2d at 633; *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir.
3  1995). To state a claim a plaintiff must show a specific constitutional or federal guarantee
4  safeguarding the interests that have been invaded. *See Paul v. Davis*, 424 U.S. 693, 697 (1976).

5  Although a plaintiff is not required to plead "specific factual details not ascertainable in
6  advance of discovery," *Gibson v. United States*, 781 F.2d 1334, 1340 (9th Cir. 1986), he does not
7  state a claim under 42 U.S.C. § 1983 if the allegations in the complaint are mere conclusions,
8  *Kennedy v. H & M Landing, Inc.*, 529 F.2d 987, 989 (9th Cir. 1976); *Fisher v. Flynn*, 598 F.2d
9  663, 665 (1st Cir. 1979). A complaint must contain sufficient allegations to put defendants fairly
10 on notice of the claims against them. *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). A
11 complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights
12 fails to meet the notice requirements of Federal Rule of Civil Procedure 8(a). *Hutchinson v.*
13 *United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).

14 Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
15 claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the
16 statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon
17 which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in
18 order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's
19 obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and
20 conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .
21 Factual allegations must be enough to raise a right to relief above the speculative level." *Bell*
22 *Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (citations omitted). A complaint must
23 proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The U. S.
24 Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal
25 conclusions can provide the framework of a complaint, they must be supported by factual
26 allegations. When there are well-pleaded factual allegations, a court should assume their veracity
27 and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*,
28 556 U.S. 662, 679 (2009).

**B.    Legal Claims**

According to the amended complaint, while plaintiff was housed at SQSP in 2009, defendants conducted an active/inactive review of plaintiff's gang validation status as a Black Guerrilla Family ("BGF") (STG-1) prison gang member/affiliate and retained him in the prison's Secured Housing Unit ("SHU").[2]  Dkt. 21 at 6-24.  Plaintiff, who denies having any such gang association, challenges in Claim 1 his "illegal and wrongful" validation as a BGF (STG-1) prison gang member/affiliate, his "illegal and wrongful nearly seven years [of] isolation/solitary confinement" at the SHU in SQSP and Pelican Bay State Prison, and his "ongoing and continuous punishments and irreparable harm due to his BGF validation status."  *Id.* at 6.  Plaintiff claims that defendants "utilized 'illegal underground rules and regulations violating plaintiff's rights without due process, procedural due process, nor [the] equal protection clauses of the [Fourteenth] Amendment in a 'chain conspiracy' to[] illegally and wrongfully violate plaintiff as a BGF (STG-1) prison gang member/affiliate."  *Id.*  It seems that plaintiff alleges that defendants falsified allegations out of retaliation "because their 'years, June 8, 2005 to February 14, 2009, of searching [him], destroying [his] prison cell, and then court search warrant of [his] daughter were (ALL) FRUITLESS, evidencing and proving their endless narcotics allegations as FALSE (AGAIN).'"  *Id.* at 8.

In Claim 2, plaintiff further claims that defendants' actions are in retaliation for "filing grievances tort claims, and lawsuits against them and their co-workers [and] for plaintiff's mother (Ms. Thelma Myles) also 'winning' a major financial lawsuit against [SQSP] officials and guards."  *Id.* at 25.

In Claim 3, plaintiff alleges that defendants violated his "right to petition [the California Department of Corrections and Rehabilitation ("CDCR")] for redress and [to] investigate his grievances of his BGF (STG-1) prison gang member/affiliate validation."  *Id.* at 27.

Finally, in Claim 4, plaintiff claims that defendants' actions were done "with 'deliberate

---

[2] The exact date of plaintiff's validation is difficult to narrow down as his amended complaint is 29-pages long and very detailed.  *See* Dkt. 21.  It seems that plaintiff was validated on October 6, 2009, *see id.* at 22, and that he has been held in the SHU since at least as early as June 22, 2009, *see id.* at 15.

4

indifference' in the chain conspiracy, in validating [him] and [in] the continuous of plaintiff's illegal and wrongful BGF (STG-1) prison gang member/affiliate validation." *Id.* at 28.

### 1. Timeliness of Claims

As of 2002, the statute of limitations for civil actions filed in California is two years, as set forth at California Civil Procedure Code § 335.1, which is the applicable statute in section 1983 actions. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004). Because an inmate suffers from the disability of imprisonment, an inmate has, for claims accruing after 2002, four years to bring a section 1983 claim for damages in California, i.e., the regular two year period under section 335.1 plus two years during which accrual was postponed due to the disability of imprisonment. California Civil Procedure Code § 352.1(a); *Johnson v. State of California*, 207 F.3d 650, 654 (9th Cir. 2000). Under federal law, a claim generally accrues for calculating the statutory limitations period when the plaintiff knows or has reason to know of the injury which is the basis of the action. *See TwoRivers v. Lewis*, 174 F.3d 987, 991–92 (9th Cir. 1999).

This action was received by the United States District Court for the Eastern District of California on December 23, 2019, ten years after the alleged illegal gang validation occurred (in 2009) and six years past the expiration of the statute of limitations. Plaintiff shall show cause why this case should not be dismissed for being filed beyond the statute of limitations, as directed below.

### 2. Linking Claims to Named Defendants

Plaintiff's twenty-nine-page amended complaint is lengthy and unorganized and, especially as to Claims 2-4, fails to link his claims to each named defendant. If plaintiff is able to establish that the claims are timely, he will be given leave to amend so that he may link the named defendants and also be given another opportunity to present more organized claims that allege facts showing how his constitutional rights have been violated. For each instance of a constitutional violation, plaintiff should name each person who violated his constitutional rights, describe what each person did to violate his rights, state where the violation occurred, and *when* certain violations occurred.

Specifically, as to Claims 2 to 4, plaintiff neglects to mention *when* any of these claims

took place. *See* Dkt. 21 at 25-28. Furthermore, plaintiff has not identified the "individual defendants whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer*, 844 F.2d at 633. Naming only "defendants" as a group is not sufficient. In addition, there is no respondeat superior liability under section 1983. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Said differently, it is not enough that the supervisor merely has a supervisory relationship over the defendants; the plaintiff must show that the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* Furthermore, supervisor defendants are entitled to qualified immunity where the allegations against them are simply "bald" or "conclusory" because such allegations do not "plausibly" establish the supervisors' personal involvement in their subordinates' constitutional wrong. *Iqbal*, 556 U.S. at 679.

In his second amended complaint, plaintiff must be careful to allege facts showing the basis for liability for each defendant for each of his legal claims. He should not refer to them as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each involved defendant did or failed to do that caused a violation of his rights. *See Leer*, 844 F.2d at 634. And, again, plaintiff must provide other identifying information such as dates, times, places, and allegations that plausibly establish liability.

### 3. Exhaustion of Administrative Remedies

A question which must be answered before plaintiff can proceed with his claims is whether he has exhausted available administrative remedies with respect to each claim.

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Under this section, an action must be dismissed unless the prisoner exhausted his available administrative remedies before he filed suit, even if the prisoner fully exhausts while the suit is pending. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir.

6

2002).  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy and effective." *Id.* at 524; *Booth v. Churner*, 532 U.S. 731, 739-40 & n.5 (2001).  Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. *Id.* at 741.  The purposes of the exhaustion requirement include allowing the prison to take responsive action, filtering out frivolous cases and creating an administrative record. *See Porter*, 534 U.S. at 525.

A prisoner's failure to exhaust is a valid ground for dismissal, so long as no exception to exhaustion applies. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir.), *cert. denied*, 540 U.S. 810 (2003).  Accordingly, a claim may be dismissed without prejudice if the record shows that the prisoner has conceded that he did not exhaust administrative remedies. *Id.*

Here, plaintiff claims in his amended complaint that he has exhausted all four of his claims through the administrative grievance procedure at the prison.  Plaintiff does not specifically address exhaustion of the grievance procedure as to each claim.  Because plaintiff did not attach any of his grievance forms, the Court is unable to determine if plaintiff satisfied the administrative remedies exhaustion requirement on *each* of the claims he alleges, prior to filing his suit.

Accordingly, his amended complaint is DISMISSED with leave to amend in order to prove that he exhausted *all* of his claims against each defendant before he filed this action.  If plaintiff did exhaust his administrative remedies with respect to any or all of those claims before filing this action, he may amend his claims to so allege, as set forth below.

### 4. Federal Pleading Standards Under Rule 18(a) and Rule 20

A plaintiff may properly join as many claims as he has against an opposing party. Fed. R. Civ. P. 18(a).  Nevertheless, while multiple claims against a single party may be alleged in a single complaint, unrelated claims against different defendants must be alleged in separate complaints. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (finding, under Rule 18(a), prisoner improperly brought complaint raising fifty distinct claims against twenty-four defendants).

7

1    Further, parties may be joined as defendants only if "there is asserted against them jointly,
2    severally, or in the alternative, any right to relief in respect of or arising out of the same
3    transaction, occurrence, or series of transactions or occurrences and if any question of law or fact
4    common to all defendants will arise in the action." Fed. R. Civ. P. 20(a).  As a practical matter,
5    this means that claims involving different parties cannot be joined together in one complaint if the
6    facts giving rise to the claims were not factually related in some way—that is, if there was not
7    "similarity in the factual background." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997).
8    General allegations are not sufficient to constitute similarity when the specifics are different. *Id.*
9    The court, on its own initiative, may dismiss misjoined parties from an action, and any claim
10   against a misjoined party may be severed and proceeded with separately.  Fed. R. Civ. P. 21.

11   Here, the Court has determined above that plaintiff's amended complaint contains
12   insufficient information with respect to the claims above.  At this time, the Court is also unable to
13   determine whether plaintiff's claims are all related because there are no dates for certain claims,
14   and it is not known whether the four claims involve the same defendants.

15   In his second amended complaint, plaintiff may only allege claims that (a) arise out of the
16   same transaction, occurrence, or series of transactions or occurrences and (b) present questions of
17   law or fact common to all defendants named therein.  Plaintiff **must choose** what claims he wants
18   to pursue that meet the joinder requirements; if he asserts improperly joined claims in his amended
19   complaint, they will be dismissed.

20   In sum, if plaintiff can establish that the claims are timely, the Court will allow plaintiff
21   leave to prepare a proper second amended complaint that is consistent with federal pleading
22   standards.  As explained above, plaintiff must correct the deficiencies outlined as to each of his
23   claims above.  Plaintiff is also advised that for each claim, he must, to the best of his ability,
24   specifically identify each defendant, and specify what constitutional right he believes each
25   defendant has violated.  Importantly, plaintiff must allege facts regarding the conduct of each
26   defendant that he asserts gives rise to that defendant's liability.  A person deprives another of a
27   constitutional right within the meaning of 42 U.S.C. §1983 if he does an affirmative act,
28   participates in another's affirmative act or omits to perform an act which he is legally required to

do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980).

### III.   CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Clerk shall terminate all claims against defendants Hammoudeh, Romero, Eldridge, and Liu as of October 21, 2020 pursuant to Judge Nunley's October 21, 2020 Order adopting Magistrate Judge Barnes's September 1, 2020 Order and Findings and Recommendations. *See* Dkt. 24 at 2; *see also* Dkt. 22 at 5.

2. No later than **twenty-eight (28) days** from the date of this Order, plaintiff shall show cause why the case should not be dismissed for being filed beyond the statute of limitations. **If plaintiff does not establish that the claims are timely, or if he does not respond within the time allowed, the case will be dismissed.**

3. If plaintiff can establish that the claims are timely, then plaintiff's amended complaint is DISMISSED with leave to amend in order to give him the opportunity to file a **simple, concise and direct** Second Amended Complaint ("SAC") which:

   a. States clearly and simply each claim he seeks to bring in federal court as required under Rule 8, and he should:

   i. Set forth **each claim** in a separate numbered paragraph;

   ii. Identify **each defendant** and the **specific action or actions each defendant took, or failed to take,** that allegedly caused the deprivation of Plaintiff's constitutional rights; and

   iii. Identify the injury resulting **from each claim**;

   b. Explains how he has exhausted his administrative remedies **as to each claim** as against **each defendant** *before* he filed this action as required by 42 U.S.C. § 1997e(a), or whether such remedies were "unavailable" to him within the meaning of the statute;

   c. Only alleges those claims that are properly joined under Rule 20(a)

9

1  (concerning joinder of claims and defendants) or, stated differently, the SAC may only allege

2  claims that:

3     i.   Arise out of the **same** transaction, occurrence, or series of transactions or occurrences; and

4     ii.  Present questions of law or fact common to **all defendants**;

5   d.   **Does not** make conclusory allegations linking each defendant by listing them as having direct involvement to his claims without specifying how each defendant was linked through their actions; and

6   e.   **Does not** name any defendant who did not act but is linked solely in his or her respondent superior capacity or against whom Plaintiff cannot allege facts that would establish either supervisorial or municipal liability.

4.   Within **twenty-eight (28) days** from the date of this Order (and ***only if*** he can establish that the claims are timely), Plaintiff shall file his SAC as set forth above. Plaintiff must use the attached civil rights form, write the case number for this action—Case No. C 21-1159 YGR (PR)—on the form, clearly label the complaint "Second Amended Complaint," and complete all sections of the form. Because the SAC completely replaces the original and amended complaints, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992). He may not incorporate material from either the original or amended complaints by reference. If plaintiff wishes to attach any additional pages to the civil rights form, he shall maintain the same format as the form, i.e., answer only the questions asked in the "Exhaustion of Administrative Remedies" section without including a narrative explanation of each grievance filed. **In addition to the possibility of dismissal resulting from plaintiff's failure to respond to the order to show cause, his failure to file his SAC by the twenty-eight-day deadline or to correct the aforementioned deficiencies outlined above will also result in the dismissal of this action without prejudice.**

5.   It is plaintiff's responsibility to prosecute this case. plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes

while an action is pending must file a notice of change of address promptly, specifying the new address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address.  *See* L.R. 3-11(b).

6. The Clerk shall send plaintiff a blank civil rights complaint form along with his copy of this Order.

IT IS SO ORDERED.

Dated: January 13, 2022

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge